## Painter v. Dorozynsky

C.P. of Lancaster County, no. CI-98-04977.

*Samuel F. Kafrissen,* for plaintiff.
*Steven D. Costello* and *John F.X. Monaghan,* for defendants.

FARINA, *P.J.,* August 22, 2008—Presently before the court is defendants' petition to abate action. Defendants Leo Dorozynsky M.D. and St. Joseph Hospital contend that the lawsuit of *Carolee Painter, administratrix of the estate of Lisa Winter v. Leo C. Dorozynsky M. D. and St. Joseph Hospital,* should be abated pursuant to 20 Pa.C.S. §3375, which states:

"If a plaintiff or petitioner in any action or proceeding now pending or hereafter brought dies and a personal representative is not appointed within one year after a suggestion of such death is filed in the action or proceeding, any defendant or respondent may petition the court to abate the action as to the cause of action of the decedent. Copies of the petition shall be served upon the executor named in the will, if known to the defendant, and otherwise upon all known next of kin entitled to letters of administration. The court shall abate the action as to the cause of action of the decedent if the delay in taking out letters is not reasonably explained."

The named plaintiff in this case is Carolee Painter, the administratrix of the estate of Lisa Winter. Painter instituted this lawsuit on behalf of Winter alleging that Winter was negligently discharged from St. Joseph Hospital on April 29, 1996 after a psychological evaluation, and that as a result of this negligent discharge Winter committed suicide three days later on May 2, 1996. Carolee Painter died on April 22, 2007, and St. Joseph Hospital's counsel filed a suggestion of death on May 17, 2007. Over one year has passed since the suggestion of death was filed, and in that time no personal representative for Lisa Winter's estate was appointed or named. As such, defendants assert that the court must abate the action if

the plaintiff fails to present a reasonable explanation for the delay in taking out letters of administration. The defendants filed a petition to abate action in May of 2008 and served a copy of such petition on plaintiff's counsel.

Plaintiff contends that the petition to abate action should not be granted for two reasons. First, plaintiff argues that 20 Pa.C.S. §3375 only applies when a personal representative is not appointed within one year after the defendant files a suggestion of death relating to the *victim* of the tort, not where a personal representative of a decedent's estate dies. In this case, then, plaintiff asserts that section 3375 was satisfied once and for all when a personal representative was appointed within one year of Lisa Winter's death. Second, plaintiff argues that the petition should be denied because defendants failed to comply with the service requirements set forth in section 3375. Either Lisa Winter's husband, Warren Winter, and/or her daughters, Katie and Chelsea, should have been served with a copy of petitioning defendants' petition to abate. Defendants have long known of the existence of these three relatives of the victim.

I agree with plaintiff's second argument regarding improper service. Section 3375 clearly states that "copies of the petition shall be served upon the executor named in the will, if known to the defendant, and otherwise upon all known next of kin entitled to letters of administration." A drastic remedy such as abatement of an action requires strict compliance with the statute. Defendants' service of process upon plaintiff's counsel does not satisfy the statute's demand that all known next of kin entitled to letters of administration be served.

Defendant did recently attempt to serve Lisa Winter's husband, Warren Winter, by mail at his last known address, and this letter was returned to counsel marked "unable to forward." However, counsel took no additional measures to locate Warren Winter. Further, counsel made no attempt to contact Lisa Winter's daughters, Katie and Chelsea, who are now 21 and 15 years old, respectively. Defendants' limited efforts to serve all known next of kin were inadequate under the statute.

Accordingly, I enter the following:

### ORDER

And now August 22, 2008, upon consideration of defendants Leo G. Dorozynsky M.D. and St. Joseph Hospital's petition to abate action, briefs of the parties and oral arguments, it is hereby ordered and decreed that defendants' petition to abate action is denied.